UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INGRID BUQUER, BERLIN URTIZ, and LOUISA ADAIR, on their own behalf and on behalf of those similarly situated,<br>  Plaintiffs,<br><br>  vs.<br><br>CITY OF INDIANAPOLIS, et al.,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:11-cv-0708-SEB-MJD |

**ORDER ON PENDING MOTIONS**

This matter comes before the Court on Defendants' Motion for Leave to Amend Answer [Docket No. 102], filed October 11, 2011, pursuant to Federal Rule of Civil Procedure 15, and Defendants' Motion to Join a Necessary Party [Docket No. 104], filed October 11, 2011, pursuant to Federal Rule of Civil Procedure 19(a). The Marion and Johnson County Prosecutors, both acting in their official capacities ("State Defendants"), have asked that the United States of America be joined as a necessary party to this action. Accordingly, they have also requested leave to amend their Answer [Docket No. 86] to add Plaintiffs' failure to join the United States under Rule 19(a) as an affirmative defense. For the reasons detailed below, we DENY State Defendants' Motion for Leave to Amend Answer and DENY State Defendants' Motion to Join a Necessary Party.

**Factual Background**

On May 25, 2011, Plaintiffs filed this lawsuit to challenge the constitutionality of the recently enacted Senate Enrolled Act 590 (SEA 590), which was adopted by the

Indiana General Assembly and originally scheduled to take effect on July 1, 2011. Plaintiffs specifically challenged Section 20[1] of SEA 590, which added sections (a)(11) through (a)(13) to Indiana Code § 35-33-1-1(1). As written, Section 20 authorizes state and local law enforcement officers to make a warrantless arrest of a person if the officer has a removal order issued by an immigration court, a detainer or notice of action issued by the U.S. Department of Homeland Security, or probable cause to believe that the person has been indicted for or convicted of at least one aggravated felony. Plaintiffs also challenged Section 18 of SEA 590, which was to be codified at Indiana Code § 34-28-8.2. Section 18 makes it an infraction under Indiana law for any person other than a law enforcement officer to knowingly or intentionally offer or accept a consular identification card as a valid form of identification. The apparent purpose of such legislation was to combat difficulties that have arisen at the state and local levels because of illegal immigration. We have previously characterized this enactment as a "tortuous attempt[] to carve out legally permissible roles that do not run afoul of federal jurisdictional and constitutional requirements as well as the principles of federal preemption." *Buquer v. City of Indianapolis*, 797 F. Supp. 2d 905, 910 (S.D. Ind. 2011).

The day after filing their class action complaint with this court, Plaintiffs filed a motion for preliminary injunction to have Sections 18 and 20 of SEA 590 enjoined

---

[1] Plaintiffs' original documents indicated that they were challenging Section 19 of SEA 590. However, on August 19, 2011, the parties moved to stipulate to an amendment of the preliminary injunction order, and the Court granted this motion on August 23, 2011. Pursuant to the amended order, all previous references to Section 19 of SEA 590 are deemed to refer to Section 20 of the Act.

without bond. Plaintiffs asked the Court to enjoin the State of Indiana from enforcing these provisions pending the Court's determination of whether they violate the Fourth Amendment to the United States Constitution, principles of due process, and the principle of federal preemption for immigration matters. We heard oral arguments on the motion on June 20, 2011 and granted Plaintiffs' motion for preliminary injunction on June 24, 2011. Following the parties' agreement to class certification and stipulation to the same, we also certified two separate classes of plaintiffs on July 14, 2011. Defendants subsequently filed their respective answers; State Defendants filed their joint Answer on July 15, 2011.

In their Motion to Amend, State Defendants allege that "[r]ecently [they] were made aware of potential for litigation by the Department of Justice against the State of Indiana involving immigration legislation." Defs.' Mot. to Amend at 2. State Defendants' concern regarding such litigation ostensibly emanates from decisions in two immigration-related lawsuits brought against the States of Alabama and Arizona by the United States in 2011. *Id.* at 3. Both of these actions involved state statutes much like Indiana's SEA 590 and have generated significant public interest. *See United States v. Arizona*, 641 F.3d 339 (9th Cir. 2011), *cert. granted*, *Arizona v. United States*, – S. Ct. —, 2011 WL 3556224 (Dec. 12, 2011); *United States v. State*, No. 2:11-cv-2746-SLB, 2011 WL 4469941 (N.D. Ala. Sept. 28, 2011). Perhaps anticipating a similar lawsuit in this jurisdiction, State Defendants now ask the Court for leave to add the following defense to their answer: "The Plaintiffs have failed to join a party necessary for a just adjudication

3

and complete relief, the United States of America." Defs.' Mot. to Amend at 2. They also seek joinder of the United States as a necessary party, arguing that "a decision enjoining the [State] Defendants may result in inconsistent obligations or results based on the United States' position on immigration law." Defs.' Mot. to Join at 4. Plaintiffs rejoin that the circumstances of this case do not warrant involuntary joinder of the United States and that State Defendants' justification for joinder is purely speculative. Pls.' Resp. at 2. Additionally, the United States as interested party opposes State Defendants' motion to join a necessary party, arguing that (1) the United States is not a required party; (2) joinder of the United States would not be feasible even if it were a required party; and (3) in any event, sovereign immunity precludes joinder of the United States in this action. U.S.'s Resp. at 2.

## Legal Analysis

### I. Standard of Review

Amending the pleadings in a lawsuit is governed by Federal Rule of Civil Procedure 15. Specifically, Rule 15(a) vests in the district court discretion when deciding whether to grant a motion to amend a pleading to add a party, claim, or defense. *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2496 (2010). After a party's opportunity to amend a pleading "as a matter of course" expires, that party may only amend its pleading with the consent of the opposing party or the court's leave. The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the court may deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated

4

failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Rule 19 provides the controlling standard for joinder in a civil lawsuit. Under this rule, an entity is a required party to an action if the court could not accord complete relief in that entity's absence. Fed. R. Civ. P. 19(a)(1)(A). Alternatively, an entity must be joined under Rule 19 if it claims an interest related to the subject matter of the action and "is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). As a practical matter, this rule "protect[s] interested parties and avoid[s] waste of judicial resources." *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 634 (7th Cir. 2009). Applying Rule 19 is a matter properly entrusted to the district court because it turns on the unique facts of each case. *United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1216 (7th Cir. 1995) (Flaum, J., concurring).

## II. Discussion

### A. Motion to Join the United States as Necessary Party

Because Defendants' Motion to Amend hinges on the question of whether the United States is even a necessary party under Rule 19, we first address Defendants' Motion to Join. Rule 19(a), titled "Person Required to Be Joined if Feasible," provides, in relevant part, as follows:

(1) *Required Party.* A person who is subject to service of process and whose

joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (I) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). State Defendants' arguments center around subsection (a)(1)(B)(ii) of this rule—namely, that in light of the United States' interest in immigration law and "unnecessary risks" of divergent outcomes in future lawsuits, the United States is a "required party" to this action.

Rule 19(a)(1)(B) requires that the United States have an "interest relating to the subject matter" of the action. "The general policy of [this rule] . . . is 'toward entertaining the broadest scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly favored.'" *Showtime Game Brokers, Inc. v. Blockbuster Video, Inc.*, 151 F.R.D. 641, 646 (S.D. Ind. 1993) (quoting *Mayer Paving & Gen. Dynamics Corp.*, 486 F.2d 763, 771 (7th Cir. 1973)). Decisions within our circuit, while noting the "striking paucity of analysis" focusing on the scope of "subject matter" and "interest," provide persuasive authority that an absent party "with a legally protected interest *in* the subject matter of the action" satisfies Rule 19(a)(1)(B). *See Florian v. Sequa Corp.*, No. 98-c-7459, 2002 WL 31844985, at *6 (N.D. Ill. Dec. 18, 2002); *Burger King Corp. v. Am. Nat'l Bank & Trust Co. of Chi.*, 119 F.R.D. 672, 675-76 (N.D. Ill.

1988).  Defendants argue, and the United States does not contest, that the United States has an interest related to immigration.  Our Constitution vests the federal government—and, in particular, Congress—with plenary power to make rules regarding naturalization of its citizens.  U.S. Const. Art. I, § 8, cl. 4.  Congress has implemented this power by enacting the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, to govern naturalization, legal immigration, deportation of illegal aliens, and enforcement of these procedures.  We therefore concur with State Defendants that "the United States clearly has an interest and responsibility in the subject matter of this case."  Defs.' Mot. to Join at 5.

At the same time, however, we must acknowledge that our analysis under Rule 19(a) does not end at this juncture.  Rule 19(a)(1)(B)'s two subparts require that in addition to having an interest relating to the subject matter of the action, the interested party's absence must either (I) impair or impede that party's ability to protect its interest *or* (ii) subject any existing party to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by reason of his claimed interest.  Fed. R. Civ. P. 19(a)(1)(B)(I)-(ii).  State Defendants allege that "the potential for subsequent litigation by the United States" renders the United States an interested party that satisfies Rule 19(a)(1)(B)(ii).  Defs.' Mot. to Join at 5.  Citing recent lawsuits the United States has brought against the States of Alabama and Arizona, State Defendants contend that the risk of analogous litigation in Indiana is not only greater than speculative, but considerable enough to constitute a "substantial risk" of "inconsistent obligations."  We disagree.

Instead of providing concrete examples of exactly *how* they may be subject to inconsistent outcomes without joinder of the United States, State Defendants assert more generally that Plaintiffs may be "permitted to put forth their interpretation of federal law regarding immigration without hearing from the United States government itself." Defs.' Mot. to Join at 5. They also suggest that State Defendants may at some point "be required to determine which decision to follow" in the event of "additional or substantial litigation by the United States." *Id.* We are more than a bit dismayed by the gaping assumptions implicit in this argument. Notable among these is the assumption that the United States will affirmatively pursue a claim against the State of Indiana. State Defendants' lone piece of support for this potential event—an August press release issued by the Department of Justice in which the Attorney General declared only that the United States is *prepared* to bring suit—falls far short of demonstrating a "substantial risk." Further, State Defendants' argument ostensibly assumes that if the United States does pursue such an action, it will yield different interpretations of the exact same sections of SEA 590 being challenged in the instant litigation. The evidence presently before us does not indicate that the risk of this scenario is anything but remote; it is certainly not "substantial." We also note that such a remote result could be remedied by consolidation of all actions challenging SEA 590, as Local Rule 42-1 permits.

Moreover, even if we entertain these assumptions, we must conclude as well that State Defendants' interpretation of Rule 19(a)(1)(B)(ii) misses the mark. Existing case law has indicated time and again that "inconsistent obligations" are distinct from

inconsistent adjudications or results, which lie outside the scope of the rule. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Grubb & Ellis Co. v. Huntington Hoffman, LLC*, No. 10-cv-5068, 2010 WL 4962846, at *3 (N.D. Ill. Dec. 1, 2010) (quoting *Delgado v. Plaza Las Americas*, 139 F.3d 1, 3 (1st Cir. 1998)). The concept of inconsistent adjudications or results, by contrast, contemplates "a defendant [who] successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Delgado*, 139 F.3d at 3 (citing *Nat'l Union Fire Ins. Co. v. Mass. Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322 (D. Mass. 1987)). Courts around the country have previously concluded, as we do today, that a threat of multiple litigations does not necessarily implicate this subsection of Rule 19(a). *See, e.g.*, *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (adopting *Delgado*'s holding); *Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301-02 (3d Cir. 1980); *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 978 (D. Minn. 2009); *Sykes v. Hengel*, 220 F.R.D. 593, 597 (S.D. Iowa 2004); *RPR & Assocs. v. O'Brien/Atkins Assocs.*, 921 F. Supp. 1457, 1464 (M.D.N.C. 1995) ("Rule 19 is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic."); 4 MOORE ET AL., MOORE'S FEDERAL PRACTICE–CIVIL § 19.03(4)(d) (2008); *see also J.G.B. Enters. v. United States*, 57 Fed. Cl. 415, 417 (Fed. Cl. 2003) (noting that the rule "does not mandate that all claims relating to an action be resolved in one

9

proceeding").

Because of the ease of consolidating any potential future suits or bringing them in this same court, we fail to see how State Defendants might ultimately be forced to breach one court's order to comply with another. We remain mindful that "[b]oth the Supreme Court and [the Seventh Circuit] have emphasized that the analysis under th[is] rule should be directed to the practical and not the theoretical," *Morgan Guar. Trust Co. of N.Y. v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972), and thus, we deny that Rule 19(a)(1)(B)(ii) is relevant to the instant case. Accordingly, we conclude that the United States is not a party that must be joined, if feasible, within the meaning of Rule 19. No inquiry into Rule 19(b) need follow because the threshold requirements of Rule 19(a) have not been met. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).[2]

## B. Motion to Amend Pleadings

We acknowledged above that courts should freely grant leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even though "the rule reflects a liberal attitude towards the amendment of pleadings," *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2011 WL 2445980, at *1 (S.D. Ind. June 15, 2011), we retain discretion to deny such amendment "if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). Here, State

---

[2]We will not address State Defendants' request to dismiss this action pursuant to 12(b)(7), which appears for the first time in State Defendants' Reply Brief. A motion asserting any of the Rule 12(b) defenses "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Defendants have asked the Court for permission to add what would plainly be a Rule 12(b)(7) defense: failure to join the United States as a necessary party under Rule 19. Having concluded above that the United States is *not* a "necessary party" to this litigation within the meaning of Rule 19, we must deem the addition of this defense futile. We therefore now deny this motion as moot.

## **CONCLUSION**

Based on the foregoing analysis, we DENY State Defendants' Motion to Join a Necessary Party. In accordance with this denial, we also DENY State Defendants' Motion for Leave to Amend Answer.

IT IS SO ORDERED.

Date: \_\_\_\_\_01/09/2012_____

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Angela Denise Adams
LEWIS & KAPPES
aadams@lewis-kappes.com

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Jose J. Behar
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
jbehar@hsplegal.com

Shiu-Ming Cheer
NATIONAL IMMIGRATION LAW CENTER
cheer@nilc.org

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Katherine Desormeau
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
kdesormeau@aclu.org

Patricia Orloff Erdmann
OFFICE OF THE ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jefferson S. Garn

INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

Lee Gelernt
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
lgelernt@aclu.org

Lynette Gray
JOHNSON GRAY & MaABEE
63 E. Court
Franklin, IN 46131

Lynnette Gray
JOHNSON GRAY& MACABEE
vhunter@embarqmail.com

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Omar C. Jadwat
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
ojadwat@aclu.org

Linton Joaquin
National Immigration Law Center
joaquin@nilc.org

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Joshua Karsh
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
jkarsh@hsplegal.com

Matthew J. Piers
HUGHES SOCOL PIERS RESNICK & DYM, LTD
mpiers@hsplegal.com

Clifford Lee Reeves II

U.S. DEPARTMENT OF JUSTICE
lee.reeves@usdoj.gov

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Andre I. Segura
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
asegura@aclu.org

Karen Tumlin
NATIONAL IMMIGRATION LAW CENTER
tumlin@nilc.org

Cecillia D. Wang
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
cwang@aclu.org